[No. 1227.]

## WILLIAM THOMPSON, RESPONDENT, v. RENO SAVINGS BANK AND G. W. HUFFAKER, DEFENDANTS. THE CENTRAL PACIFIC RAILROAD CO., APPELLANT.

TRUST FUND—CREDITORS—PARTICIPATION IN BENEFITS OF SUIT BY ANOTHER CREDITOR—LACHES.—In order to enable a creditor to participate in the benefits of a legal proceeding by another creditor against a common fund, he must be guilty of no laches in satisfying the conditions required of him by the court.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

*I. B. Marshall*, for Appellant:

I.  On the 22d of March, 1884, the court made and entered its judgment in *Thompson* v. *Reno Savings Bank and G. W. Huffaker*, in favor of Thompson and against Huffaker, for the amount claimed in his complaint; and ordered and adjudged that the appellant's complaint in intervention be allowed to stand as a claim against the defendant Huffaker, and against any fund realized in the action, and that it be allowed to participate in the judgment against the said Huffaker. This being a final judgment, never having been reversed or set aside, still remains in full force and effect. (*Belt* v. *Davis*, 1 Cal. 134; *Reynolds* v. *Harris*, 14 Cal. 667;[1] *Hahn* v. *Kelly*, 34 Cal. 391.[2])

II.  As the plaintiff Thompson did not claim any contribution from the appellant, at the time it proved up its case and established its right before the court, he is considered to have waived it. (2 Dan. Ch. Pl. & Pr. 1213, 1214.)

III.  All persons having a *prima facie* claim to a trust fund are entitled to be heard at any time before actual distribution. (*Matter of Howard*, 9 Wall. 175.)

*J. F. Alexander*, for Respondent:

I.  No evidence was offered tending to show that petitioner was entitled to come in within fourteen months after the decree. There was no offer even to pay costs.

II.  The decree was final; nothing remained for the court to

---

[1] 76 Am. Dec. 459.    [2] 94 Am. Dec. 742.

do after thirty days. The fund was distributed, and this court affirmed that decree in all respects. (*Edmeston* v. *Lyde,* 1 Paige, 637;[1] *Johnson* v. *Everett,* 9 Paige, 636; *Dickinson* v. *Codwise,* 11 Paige, 189.)

By the Court, BELKNAP, C. J.:

The facts out of which this appeal arose are as follows: Thompson, having a judgment at law against the Reno Savings Bank, an insolvent corporation, commenced this suit in equity against Huffaker to enforce the payment of his subscription to the capital stock of the bank. During the pendency of the suit, the district court, upon the application of the Central Pacific Railroad Company, appellant, also a creditor at law of the bank, made an order allowing it to participate ratably in any judgment that might be recovered against Huffaker upon its contributing ratably to the expenses of the suit. This order was made March 22, 1884. No compliance was made with its terms, and no further steps were taken in relation to the subject-matter by the appellant, until the fifth day of September, 1885, when it again moved the court to be allowed to share in the trust fund upon paying its proportion of the costs and expenses of the suit. The district court overruled the motion. The appeal is from this order.

The suit was brought by the plaintiff, Thompson, for the benefit of himself and all other creditors of the bank who should come in and contribute to its expense. In due time a decree was entered requiring defendant Huffaker to pay into the court the amount of his unpaid subscription to the capital stock of the bank. The moneys so to be paid were, by the terms of the decree, to be distributed ratably among the plaintiff and such other creditors of the bank, including appellant, as should, within thirty days from the entry of the decree, make proof of their claims and pay their proportionate share of the costs and expenses of the suit. In this latter respect the decree observed the general rule of equity, that creditors having claims similar to that of a plaintiff are not precluded from participation in a trust fund because of their not being parties to the suit. But such creditors must be diligent in the assertion of their rights.

In *Williams* v. *Gibbes,* 17 How. 254, the court said: "Now the principle is well settled, in respect to these proceedings in

chancery for the distribution of a common fund among the several parties interested, either on the application of the trustee of the fund, the executor, or administrator, legatee, or next of kin, or on the application of any party in interest, that an absent party, who had no notice of the proceedings, and not guilty of willful laches or unreasonable neglect, will not be concluded by the decree of distribution from the assertion of his right by bill or petition against the trustee, executor, or administrator, or, in case they have distributed the fund in pursuance of an order of the court, against the distributees."

But appellant makes no explanation of its failure to avail itself of the order of March 22, 1884, made at its request, nor of its failure to come in within the time limited by the decree and pay its proportion of the expenses of the suit; nor is any excuse offered for the delay in the commencement of the present proceedings. By reason of these laches, appellant lost its opportunity to share in the fund.

Other facts occurred during the period of nearly eighteen months within which appellant failed to urge its claim, which have an important bearing upon the justice of the order of the district court. Within this time, the decree in favor of the plaintiff and against the defendant Huffaker, heretofore mentioned, was entered, and an appeal therefrom taken. During the pendency of the appeal, the case of *Thompson* v. *Reno Savings Bank and Lake, ante,* 103, was decided by this court. That case decided that Lake was liable to the creditors of the Reno Savings Bank as a subscriber to the capital stock of the bank. Huffaker's subscription was made under similar circumstances to that of Lake, and a similar result might naturally have been anticipated.

The order of the district court is affirmed.